## Edmonds v. Commonwealth.

(Decided June 21, 1912.)

## Appeal from Hopkins Circuit Court.

Criminal Law—Error in Refusing Peremptory Instruction—Evidence.
—Appellant complains of a verdict and judgment convicting him of the crime of obtaining money by false pretenses. Evidence examined and held insufficient to establish his guilt, therefore, the trial court erred in overruling his motion, made at the conclusion of the evidence, for a peremptory instruction directing the jury to find him not guilty.

L. R. FOX, H. F. S. BAILEY for appellant.

JAMES GARNETT, Attorney General, CHAS. H. MORRIS, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellant was tried in the court below under an indictment charging him with the crime of obtaining money by false pretenses. The jury, by their verdict, found him guilty, and upon that verdict judgment was entered fixing his punishment at confinement in the penitentiary from one to five years.

Appellant complains of the judgment and asks its reversal upon the numerous grounds filed in support of his motion for a new trial. As only one of these grounds merits consideration, the others will not be noticed in the opinion. In the single ground referred to, complaint

is made of the trial court's refusal to grant a peremptory instruction directing his acquittal at the hands of the jury. The instruction was asked by him both at the conclusion of the Commonwealth's evidence and at the close of all the evidence; request therefor being based upon the ground that there was no evidence conducing to prove his guilt.

The alleged false statement upon which appellant is charged to have obtained money, was that he falsely represented to Lewis Waddell that he had made an arrangement with Glass, an undertaker of Hopkinsville, at which place Waddell's sister died in the Lunatic Asylum, whereby Glass, at a cost to Waddell of $10, would embalm and ship the sister's body to Madisonville. It was further charged in the indictment that by reason of Waddell's reliance upon this statement, which appellant knew to be false, he (Waddell) was induced to pay appellant the $10 for Glass, and that appellant did not send it to Glass, but feloniously converted it to his own use.

The evidence showed that Waddell's sister died in the asylum and that he went to appellant, who is an undertaker in Madisonville, to get him to arrange for the embalming and shipping of the sister's remains to Madisonville; and that the latter effected whatever arrangement was made by talking over the telephone with Glass, the Hopkinsville undertaker. The conversation between them over the telephone was conducted while appellant was in Waddell's presence. So all the appellant said to Glass was heard by Waddell. According to the testimony of appellant and Glass the arrangement effected was, that Glass was to embalm the body for $10, but that that sum did not include the cost of shipment. Waddell's testimony was, in some measure, to the effect that he understood the $10 was to pay for the shipping of the body as well as embalming it. Appellant testified that he informed Waddell that the $10 would pay for the embalming alone, and that this information was conveyed at the conclusion of his conversation over the telephone with Glass. It was admitted by appellant, Glass and Waddell, that appellant was to receive the $10 for Glass and send it to him, and it was paid to appellant by Waddell.

Appellant also testified that he sent the $10 to Glass by mail and proved by two witnesses that he was seen

to hand the letter to a man on the train to be mailed, but the two witnesses mentioned did not see him write the letter or put the money in it. Glass testified, however, that the $10, was never received by him. It was, we think, positively shown by the testimony of appellant and Glass that the arrangement between them was that Glass would embalm the body of the dead woman for $10; and that the arrangement did not include the shipment of the body. Notwithstanding the many leading questions put to Waddell, it is not apparent from his testimony that he did not so understand it; nor is it apparent from his testimony that the representations made him by appellant as to the arrangements with Glass, led him to believe that the $10 would also pay for the shipment of the body.

In other words, the testimony as a whole was insufficient to establish appellant's guilt of the crime charged, for it does not show that any false statements were knowingly made by him for the purpose of obtaining the money, or that he manifested any fraudulent intent in the transaction. The body of Waddell's sister was embalmed and received at Madisonville. There was no testimony offered contradictory of that of appellant as to his sending the $10 to Glass by mail. It is true, Glass said he did not receive it, but this may have been due to the fault of the person to whom it was given to be mailed, or to the mail carrier. If there were no false representations made by appellant to obtain the money, his appropriation of it after receiving it, if he did so, would not establish his guilt under the indictment, however reprehensible we may regard such conduct.

It would amount to no more than a breach of trust; that is, a violation of the confidence which Glass placed in him when he constituted him his agent to receive the money. As in our opinion there was an absence of evidence conducing to prove appellant's guilt, the trial court should have granted a peremptory instruction as asked by him, and for this error the judgment is reversed.